IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD HINES, #171222 *
        Plaintiff,
v. * CIVIL ACTION NO. PJM-10-1260

STATE OF MARYLAND, et al. *
        Defendants.
                                       ***

## **MEMORANDUM OPINION**

Procedural History

Howard Hines ("Hines") is a state inmate confined at the North Branch Correctional Institution ("NBCI") who filed a Complaint for "Temporary Restraining Order and Injunctive Relief," received on May 19, 2010. The Complaint, submitted on a paper bag,[1] claims that Hines was assaulted in June of 2006 by an inmate who is a gang member of "Murder, Inc." Hines alleges that this inmate has achieved a higher status in the gang, is now considered a "shot caller," and is housed at the Western Correctional Institution, which is "next door" to NBCI. He states that as there are easy "lines of communication going back and forth" between the facilities and as there is a contract on his life, it would be simple for the inmate in question to have the contract carried out. Hines complains that although authorities were aware of these threats, they continued to assign him to NBCI general population, where he was stabbed by an inmate on April 21, 2010. Hines claims that he refused to be double-celled and is being placed in "contingency cells" which are filthy and have no bunks or ventilation. *Id.* He asks to be placed on protective custody.

The *pro se* document was instituted as a 42 U.S.C. § 1983 civil rights action for injunctive relief. On May 25, 2010, counsel for the State Division of Corrections and its employees was

---

[1]     Hines claims that the NBCI administration is denying him writing materials, stamps, and

ordered to respond to the Complaint and directed to provide verified information regarding Hines's custodial situation. Hines was ordered to file an amended complaint with signature and to either remit the $350.00 civil filing fee or move to proceed *in forma pauperis*. On June 15, 2010, a show cause response was filed by counsel for the state of Maryland. Paper No. 3. Hines then filed a Motion to Proceed *In Forma Pauperis*, Affidavit, and Amended Complaint. Paper Nos. 4-6.

In his Amended Complaint for Temporary Restraining Order or for Injunctive Relief, Hines again claims that he was assaulted by an inmate on April 21, 2010, and wrote the NBCI Warden and filed an administrative remedy soon after requesting to be placed on protective custody. Paper No. 4. He claims that he was asked to accept a cell mate but refused, as his assailant had not yet been "locked up" on segregation. Hines alleges that as a result of his refusal he was placed for one day in a filthy contingency cell with no light, a mattress, without hygiene items or cleaning materials, before he was moved back to his regular housing cell. He asserts he was cited with rule violations and sanctioned with segregation He claims that he again refused a cell mate on or about November 11, 2010, and was again placed in a contingency cell, where he remained for three and one- half days. Hines again alleges that he had no bedding or hygiene items, poor ventilation, and was fed a bagged lunch, which he refused. *Id*. He claims that the conditions of the contingency cell violate common decency and are "used strictly for inhumane punishment."

Hines seemingly contends that he has been labeled a "snitch" since 1996, when he was compelled to be a witness against another inmate who was being prosecuted in state court for threatening a former Maryland governor. He states that he was attacked in 2006 due to his state court testimony and the threats against him by the gang "Murder, Inc." have continued. In his attachments Hines contends that NBCI staff attempted to place him in a holding cell with a member

---

stationery items. Paper No. 1.

of the gang on May 27, 2010, and although the NBCI handbook states that protective custody is available, an NBCI sergeant has informed him and testified at an adjustment hearing that there is no protective custody at NBCI. Paper No. 4.

On June 23, 2010, an Order was entered granting Hines provisional leave to proceed without the prepayment of fees, treating the State's show cause response as a motion for summary judgment, and granting Hines additional time to file opposition materials. Paper No. 7. Although granted additional time to file his opposition, Hines has failed to so do.[2] For reasons to follow, the Complaint for injunctive relief shall be dismissed.

## Standard of Review

As observed by the Court of Appeals for the Fourth Circuit in *The Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F.3d 342 (4th Cir. 2009), *vacated and remanded on other grounds*, 130 S. Ct. 2371 (2010), the Supreme Court has articulated what must be shown to obtain a preliminary injunction. The moving party must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* --- U.S. ----, ----, 129 S.Ct. 365, 374 (2008). All four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the movant to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may ... be awarded [only] upon a clear showing that the [movant] is entitled to such relief." *Id.* at 375-76; *The*

---

[2] The Court received a letter from Hines on September 17, 2010. He indicates that he mailed various discovery motions, a request for appointment of counsel, and other non-dispositive pleadings with the Court, but be;oeved they had not been received. Paper No. 11.

*Real Truth About Obama,* 575 F.3d at 346. "A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court...." *The Real Truth About Obama*, 575 F.3d at 345.[3]

Analysis

According to the materials filed by the State, Hines was transferred to NBCI from WCI as a general population inmate on June 17, 2009. Paper No. 3, Ex. 1 at Stottler Decl. At the time of his transfer Hines had no verified enemies at NBCI. He remained housed in NBCI general population in a double cell until April 21, 2010, when he was placed on administrative segregation. This assignment occurred after Hines was stabbed by another inmate. Hines refused to be double celled on segregation and was placed in a "contingency cell" until a single cell became available. On May 14, 2010, a single cell became available and Hines was moved to that cell on that same day. Due to safety concerns, as of June 2, 2010, Hines is celled alone, is walked alone with officer escort, and is only allowed to recreate out-of-cell by himself. The Maryland Division of Correction has initiated the process for Hines to be considered for voluntary transfer to a signatory state under the Interstate Corrections Compact ("ICC"). *Id.*

Hines's original and amended Complaints seek injunctive relief in the form of protective custody status. He is currently housed in a single cell at NBCI and is offered a form of "red tag" protective housing where out-of cell transit occurs with an officer escort. As noted by the State's response his safety concerns are being addressed and he is being considered for transfer to another state under the ICC. Injunctive relief is not warranted and the case shall be dismissed.

---

[3] *The Real Truth About Obama, Inc.*, adopted the standard sent out in *Winter* and overruled the Fourth Circuit standard of review for awarding injunctive relief set out in *Blackwelder Furniture Co., v. Seilig Manufacturing Co.,* 550 F.2d 189 (4th Cir. 1977).

Date:     October 27, 2010                              /s/                    
                                            PETER J. MESSITTE
                                        UNITED STATES DISTRICT JUDGE